**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-08-00489-001-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Charles Richard Brown, | |
| Defendant. | |

Pending before the Court is Defendant Charles Richard Brown's Motion to Terminate Supervised Release. (Doc. 68.)

**I.**

In 2006, an undercover U.S. Postal Inspector placed an ad online offering "very hardcore kid vids." (Doc. 51 at 1.) Defendant responded, received a "catalog" of videos, and paid $25 cash for a video, while indicating to the undercover officer that he hoped the arrangement would "work out as I would like to order more later." (*Id.* at 2.) The Postal Inspectors executed a search warrant of Defendant's home and found the video opened on his sofa. (*Id.*) Defendant also possessed other child pornography images on his computer. (Doc. 51 at 2.)

In March 2009, Defendant entered a guilty plea to receipt of material containing child pornography in violation of 18 U.S.C. §§ 2252(a)(2)(A) and 2256. (Doc. 41.) In August 2009, the Court sentenced Defendant to sixty months in prison and supervised release for life. (Doc. 52.) Defendant was released from custody in January 2013. (Doc.

68 at 1.) Defendant filed a motion to terminate his supervised release in March 2022. (Doc. 68.) The government opposes the motion. (Doc. 71.) Likewise, Defendant's probation officer opposes the motion. (Doc. 68 at 2.)

## II.

Under 18 U.S.C. § 3564(c), a district court has broad discretion to determine whether to terminate a term of probation "after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice." *Id.*; *see also U.S. v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). The defendant bears the burden of proving he or she is entitled to early termination. *Emmett*, 749 U.S. at 824 (Nguyen, J., dissenting on other grounds). Before terminating a term of probation, the court must consider the sentencing factors in 18 U.S.C. § 3553(a). 18 U.S.C. § 3564(c). These factors include: (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and sentencing range established for the defendant's crimes; (4) pertinent policy statements issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3583(e) (citing § 3553(a)(1–7)); *United States v. Weber*, 451 F.3d 552, 557–58 (9th Cir. 2006).

## III.

Defendant reports that he has fully complied with his terms and conditions of supervision. (Doc. 68 at 1.) He also argues that he "maintained employment up until his recent retirement" and has completed sex offender treatment and passed polygraph examinations. (*Id.*) The government opposes early termination because of "the grotesque nature and circumstances of his offense" and the "very serious nature of his crime." (Doc.

71 at 4.) The government contends the serious nature of Defendant's crime and the number of sex offenders living with terms of lifetime supervised release weigh against early termination under 18 U.S.C. § 3553(a)(1) and (6).

Having reviewed the factors, Defendant's representations, and the government's response, the Court denies the Motion. In considering the § 3553(a) factors, the Court finds that the factors weigh in favor of denying early release. Defendant's motion does not address the factors. (Doc. 68.) The predatory nature of the offense and the history and character of the Defendant, as explained in the government's sentencing memorandum and the presentence report, counsel against early termination. (Doc. 51 at 2–3.) For example, Defendant "reported having sex with a then-sixteen-year-old girl" five years prior to his arrest, and Defendant possessed child pornography and erotica on his computer and wrote stories about sex with underage girls and his own daughter and published them on the internet. (Doc. 51 at 2–3, *see also* Presentence Report.) Furthermore, possession of child pornography is a crime of violence against children. 18 U.S.C. § 3156(a)(4)(c). This weighs against early termination. Additionally, the Court finds that the need for deterrence and the need to protect the public weigh heavily against early termination.

Defendant contends that he has maintained employment until he recently retired and "otherwise fully complied with his terms and conditions of supervision." (Doc. 68 at 1.) But "compliance with release conditions, resumption of employment and engagement of family life are expected milestones rather than a change of circumstances rendering continued supervision no longer appropriate." *United States v. Bauer*, No. 5:09–cr–00980 EJD, 2012 WL 1259251, at *2 (N.D. Cal. Apr. 13, 2012). The same goes for Defendant's argument that he completed sex offender treatment and polygraph testing—completion of sex offender treatment and periodic polygraph testing are requirements of his release conditions. (Doc. 53 at 3.) The Court accordingly finds these reasons to be unpersuasive.

Defendant's motion does not provide the Court with any new information about the status of his supervised release. (Doc. 68.) Nor does Defendant argue or demonstrate in any way that he poses a low risk to public safety. (*Id.*) Thus, given the record in this case,

the nature of the charges, and the basis for the original sentence, the Court finds that neither the circumstances of this case nor the interests of justice warrant early termination pursuant to § 3583(e).

## III.

Accordingly,

**IT IS ORDERED** that Defendant Charles Richard Brown's Motion to Terminate Supervised Release (Doc. 68) is **denied**.

Dated this 4th day of May, 2022.

Michael T. Liburdi
United States District Judge