WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>            Plaintiff,<br><br>v.<br><br>Charles Richard Brown,<br><br>           Defendant. | No. CR-08-00489-001-PHX-MTL<br><br>**ORDER** |

Defendant Charles Richard Brown was indicted on one count of receipt of material containing child pornography, 18 U.S.C. §§ 2252A(a)(2)(B) and 2256, and one count of possession of child pornography, 18 U.S.C. § 2256(8)(A) & (C). (Doc. 1) He pleaded guilty to the first count, and, in August 2009, he was sentenced to 60 months imprisonment and lifetime supervised release. (Doc. 53.) The second count was dismissed at sentencing. (*Id*.)

Two years ago, the Court denied Mr. Brown's motion for early termination of supervised release. (Doc. 72) He now renews the motion. (Doc. 74.) The United States and the United State Probation Office oppose early termination. (Doc. 77)

**I.**

The Court discussed the offence conduct in the order denying Mr. Brown's previous motion for early termination of supervised release. (Doc. 72) Except where appropriate in the Court's analysis below, it will not be repeated here.

**II.**

Under 18 U.S.C. § 3564(c), a district court has broad discretion to determine

whether to terminate a term of probation "after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice." *Id.*; *see also United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). The defendant bears the burden of proving he or she is entitled to early termination. *Emmett*, 749 U.S. at 824 (Nguyen, J., dissenting on other grounds). Before terminating a term of probation, the court must consider the sentencing factors in 18 U.S.C. § 3553(a). 18 U.S.C. § 3564(c). These factors include: (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and sentencing range established for the defendant's crimes; (4) pertinent policy statements issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3583(e) (citing § 3553(a)(1–7)); *United States v. Weber*, 451 F.3d 552, 557–58 (9th Cir. 2006).

**III.**

The motion now before the Court reports that Mr. Brown is in declining health and has applied for disability benefits. It states that Mr. Brown has fully complied with his supervised release conditions, including successful participation in therapy. The motion also describes Mr. Brown's activities, recognitions, and personal development accomplishments, such as completing courses and earning certificates. Further, the motion includes information and attestations regarding Mr. Brown's character.

In response, the United States maintains that supervised release should continue. It argues that Mr. Brown's behavior on supervised release has not risen to the level of exceptional behavior that justifies early termination of supervision. It further argues that the nature and circumstances of the offense, which involves possession of child

pornography, and Mr. Brown's admission under a polygraph examination that he had sexual intercourse with a teenage child in 2005, demand that supervision continue to promote the § 3553(a) factors of adequate deterrence and protecting the public.

The Court has re-examined the record, including the presentence investigation report ("PSR"), fully considered the briefing on the motion for early termination, and reviewed the sentencing factors under 18 U.S.C. § 3553(a). The Court agrees with the United States and the United States Probation Office that early termination of supervised release is inappropriate.

The nature and circumstances of the offence involve Mr. Brown ordering a child pornography video from an undercover postal inspector. (PSR ¶ 7-9) After executing a search warrant, law enforcement discovered "84 digital images of child pornography on the defendant's computer." (*Id*. ¶¶ 10-11) Among them were an image of "an adult male holding his erect penis against a baby girl's vagina" and "a pre-pubescent girl who had her wrists tied with a white cord. . . . An adult male stood next to the girl and placed his penis next to the girl's mouth." (*Id*. ¶ 11) This represents serious unlawful misconduct. And this misconduct repeated victimization on the young children who were forced to participate in the creation of the unlawful media. (*Id*. ¶ 14)

The Court acknowledges Mr. Brown's self-improvement efforts, community support, and cooperation during supervision. But the United States persuasively argues that Mr. Brown does not show "exceptionally good behavior." *See United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997). Further, the Court agrees with the United States that Mr. Brown's obligations under supervision are far from onerous. They do not appear to impose any hardship, even considering Mr. Brown's present physical condition. Indeed, as the United States explains in its responsive brief, Mr. Brown "is on the lowest level of sex offender supervision. [He] has not been required to report to the Probation Office 'in years.'" (Doc. 77 at 5)

Protecting the public and deterring future illegal behavior are of paramount importance in this case. The PSR recommended that the Court impose lifetime supervised

release, stating:

> Of great concern is the defendant's admission he previously had sex with a 16-year-old friend of his daughter and that he writes fantasies about sexual conduct with 14-year-olds. Although he denied a sexual interest in adolescent females during his sex offender evaluation, clinical testing concluded this was not the case. As such, the defendant poses a significant risk to children, especially if left untreated. Therefore, the nature of the instant offense, along with the findings and recommendations of the psychosexual evaluation and report, clearly justify strict monitoring through appropriate sex offender conditions.

(PSR at 15)

The Court is not convinced that Mr. Brown no longer poses a danger to the public. Indeed, the continued monitoring by the United States Probation Office of the supervised release conditions may have a deterrent effect on this defendant, thereby protecting the public.

Finally, the Court finds that the § 3553(a) factors requiring the Court to consider available sentencing options, the applicable sentencing range, and the need to avoid unwarranted sentencing disparities all weigh in favor of continued supervision. At the time of sentencing, the Court accepted the parties' Rule 11(c)(1)(C), Fed. R. Crim. P., plea agreement and sentenced Mr. Brown to 60 months in custody. The plea agreement included a stipulation to 60-months in custody. (PSR ¶ 71) This custodial sentence represents a variance from the advisory guideline range of 78 to 97 months in custody and a sentence lower than that recommended in the PSR. (*See* PSR at 15, recommending 78 months) While sentencing Mr. Brown to a *much lower* custodial sentence, the Court imposed a sentence in line with the recommended supervised release term. Given this, the Court finds that lifetime supervision remains appropriate. The out-of-state cases cited in Mr. Brown's brief do not persuade otherwise.

. . . .

. . . .

**IT IS THEREFORE ORDERED** that the Motion for Early Termination of Supervised Release (Doc. 74) is **DENIED**.

Dated this 8th day of May 2024.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge